448

No. 1217.

United States District Court
W. D. Missouri, S. D.
Sept. 10, 1953.

Donnelly & Donnelly and Paul J. Dillard, Lebanon, Mo., for plaintiff.

Stone & Reid, Springfield, Mo., for defendant.

REEVES, Chief Judge.

Although several motions have been filed in the above case it is unnecessary to consider any other than the one to dismiss This is so, for, in the opinion of the court as hereinafter expressed, the motion to dismiss must be sustained.

It appears from undisputed evidence that the defendant, G. W. L. Construction Company, is but a name and that such name is used by several different partnerships and corporations in a joint venture. The contract with the government mentioned by the plaintiff so specified.

The plaintiff bases his action upon a contract with the alleged defendant with "a contract price for electrical work in connection with a contract to be let by the United States," etc. "* * * and upon which the Defendant was to submit a bid for said contract."

The joint venture contract is appended to the motion to dismiss. It is entitled "Joint Venture Agreement Fort Leonard Wood" and is a written agreement between "George Garrison Company of North Little Rock, Arkansas, a partnership composed of Fred Garrison, Carl F. Garrison, and George W. Garrison, Jr., Lydick Roofing Company of Fort Worth, Inc., a Texas corporation with its principal place of business at Fort Worth, Texas, and Wright Roofing Company of Oklahoma City, Oklahoma, a partnership composed of R. C. Wright, and C. H. Wright, as coadventurers, have been awarded a contract by the United States of America to do the following:

* * * * * *

"At Fort Leonard Wood, Mo., said contracts to be hereinafter referred to as 'The Contract;' * * *."

The first paragraph, after naming the contracting parties, is as follows:

"Whereas: Said parties desiring to enter into a joint venture for the purpose of carrying out and performing said contract, and for no other purpose, have hereunto entered into the following agreement:"

Alleging default on the part of the named defendant, the plaintiff claims damages in the sum of $14,548.58. Suit was brought against G. W. L. Construction Company, the named defendant, and the name by which the joint venture contract was entered into with the Government. The return of service shows that a copy of the summons and a copy of the petition was "served * * * (1) By delivering on the 28th day of July, 1953, a copy of the sum-

mons and a copy of the petition to each of the within-named defendants G. L. W. Construction Co. By delivering to Geo. Garrison at G. L. W. Construction Co. office at Fort Leonard Wood. Geo. Garrison being in charge of said office."

An affidavit was appended to the motion to dismiss, executed by Fred W. Garrison, one of the partners in G. W. L. Construction Company. This affidavit merely supported the facts as set forth in the contract among the joint adventurers and with the government, which contract was appropriately mentioned by the plaintiff in his complaint.

 The only question for decision is whether the plaintiff may bring into court the members of the joint adventure association by merely designating the name by which they carried on their limited business.

The authorities, without exception, hold to the contrary. The laws of Missouri do not provide for actions against associations of this character. Section I of Article XI of the Missouri Constitution, V.A.M.S., contains the following definition:

"The term 'corporation,' as used in this article, shall be construed to include all joint stock companies or *associations having any powers or privileges not possessed by individuals or partnerships.*" (Emphasis supplied.)

Clearly this does not include a joint adventure as in this case. A joint adventure partakes of the nature of a partnership for a certain specific purpose but does not have all of the qualities of a partnership. Joring v. Harriss, 2 Cir., 292 F. 974; Aiken Mills v. United States, 4 Cir., 144 F.2d 23. A joint adventure as defined in 48 C.J.S., Joint Adventures, § 1, a, page 801, is as follows:

"A joint adventure is a legal relation of recent origin created by the American courts and is generally described as an association of persons to carry out a single business enterprise for profit. 'Joint enterprise,' 'joint venture,' and 'syndicate' are terms similar to 'joint adventure' and are sometimes used interchangeably with it."

And, by 48 C.J.S., Joint Adventures, § 13, page 865:

"It has been laid down as a general rule that the law applicable to partnerships applies with respect to the relation between members of a joint adventure and third persons."

Section 431.140 RSMo 1949, V.A.M.S., provides, in relation to joint obligations and against whom suits may be brought, as follows:

"In all cases of joint obligations and joint assumptions of copartners or *others,* suits may be brought and prosecuted against any one or more of those who are so liable." (Emphasis supplied.)

Since there is no such person or corporation known as the G. W. L. Construction Company it cannot be sued as such and moreover, any judgment against it would be worthless and could not possibly be of any benefit to the plaintiff. For this and other reasons the motion to dismiss should be sustained.